UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x
                    :

UNITED STATES OF AMERICA     :    CONSENT PRELIMINARY
                    :    ORDER OF FORFEITURE AS
    -v.-                  TO SPECIFIC PROPERTIES
                    :    -δλ
CARL KRUGER,                :    S3 11 Cr. 300 (JSR)
                    :

        Defendant.
                    :
- - - - - - - - - - - - - - - - x

        WHEREAS, on or about November 22, 2011, CARL KRUGER

(the "Defendant"), among others, was charged in a five-count

Superseding Indictment, S3 11 Cr. 300 (JSR) (the "Indictment"),

with conspiracy to commit honest services fraud, in violation of

Title 18, United States Code, Section 1349 (Counts One and

Three); conspiracy to commit bribery and to violate the Travel

Act, in violation of Title 18, United States Code, Section 371

(Counts Two and Four); and conspiracy to commit money laundering,

in violation of Title 18, United States Code, Section 1956(h)

(Count Five);

        WHEREAS, the Indictment included a forfeiture

allegation as to Counts One through Four of the Indictment

seeking, pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461, the

forfeiture of all property, real or personal, that constitutes or

is derived from proceeds traceable to the commission of one or

more of the offenses alleged in Counts One through Four of the

Indictment, including but not limited to the following property:

a.    Any and all funds on deposit in account number 4833940786, held in the name of Olympian Strategic Development Corp., at Bank of America;

b.    Any and all funds on deposit in account number 483012709372, held in the name of Basset Brokerage, at Bank of America;

c.    Any and all funds on deposit in account number 94080522, held in the name of Michael Turano and Gerard Turano, at Citibank;

d.    Any and all funds on deposit in account number 661115240, held in the name of Michael Turano and Gerard Turano, at Sovereign Bank; and

e.    Any and all funds on deposit in account number 3581990954, held in the name of Michael Turano and Gerrard Turano, at Sovereign Bank;

WHEREAS, the Indictment included a forfeiture allegation as to Count Five of the Indictment seeking, pursuant to Title 18, United States Code, Section 982(a)(1), the forfeiture of any and all property, real or personal, involved in the money laundering offense alleged in Count Five of the Indictment and all property traceable to such property, including but not limited to the following property:

2

a.    Any and all funds on deposit in account number
4833940786, held in the name of Olympian Strategic Development
Corp., at Bank of America;

b.    Any and all funds on deposit in account number
483012709372, held in the name of Basset Brokerage, at Bank of
America;

c.    Any and all funds on deposit in account number
94080522, held in the name of Michael Turano and Gerard Turano,
at Citibank;

d.    Any and all funds on deposit in account number
661115240, held in the name of Michael Turano and Gerard Turano,
at Sovereign Bank; and

e.    Any and all funds on deposit in account number
3581990954, held in the name of Michael Turano and Gerrard
Turano, at Sovereign Bank;

WHEREAS, on or about December 20, 2011, the Defendant
pled guilty to Counts One through Four of the Indictment and
admitted the forfeiture allegation with respect to Counts One
through Four of the Indictment, pursuant to a plea agreement with
the Government, wherein the Defendant agreed to forfeit a sum of
money not to exceed $450,000 in United States currency,
representing the amount of proceeds traceable to the commission
of the offenses alleged in Counts One through Four of the
Indictment;

3

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $223,534.00 in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Four of the Indictment and the Defendant further consents to the forfeiture of all his right, title and interest in the following properties:

a.    Any and all funds on deposit in account number 4833940786, held in the name of Olympian Strategic Development Corp., at Bank of America;

b.    Any and all funds on deposit in account number 483012709372, held in the name of Basset Brokerage, at Bank of America;

c.    Any and all funds on deposit in account number 94080522, held in the name of Michael Turano and Gerard Turano, at Citibank; and

d.    $154,392.31 on deposit in account number 3581990954, held in the name of Michael Turano and Gerrard Turano, at Sovereign Bank;

(collectively, the "Specific Properties");

WHEREAS, the Defendant agrees that the Specific Properties are forfeitable to the United States because the Specific Properties constitute or are derived from proceeds traceable to the commission of the offenses charged in Counts One through Four of the Indictment;

4

WHEREAS, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), the Defendant consents to this Consent Preliminary Order of Forfeiture as to Specific Properties becoming final as to his interests prior to sentencing;

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Properties to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the plaintiff, United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorneys Michael S. Bosworth and Glen G. McGorty, of counsel, and the Defendant, and his counsel, Benjamin Brafman, Esq. that:

1.  As a result of the offenses charged in Counts One through Four of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $223,534 in United States currency (the "Money Judgment") shall be entered against the Defendant.

2.  As a result of the offenses charged in Counts One through Four of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the

5

Specific Properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853. The Defendant agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Properties and will not assist anyone else in doing so. Upon the entry of a Final Order of Forfeiture forfeiting the Specific Properties to the United States, the Specific Properties shall be applied in full satisfaction of the Money Judgment.

3.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties, this Order is final as to the Defendant, CARL KRUGER, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.    All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the "United States Marshals Service," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5.    Upon execution of this Order and pursuant to Title 21, United States Code, Section 853, the United States Marshals

Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.   Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties, the United States Marshals Service (or its designee) is authorized to seize the Specific Properties and hold the Specific Properties in its secure, custody and control.

7.   Pursuant to 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Preliminary Order of Forfeiture as to Specific Properties.  Any person, other than the defendant in this case, claiming an interest in any of the Specific Properties must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.   This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in any of the Specific Properties, shall be

7

signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in any of the Specific Properties and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.   Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.   Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Properties pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

11.   The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

12.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of

8

documents and the issuance of subpoenas, pursuant to Rule 45 of
the Federal Rules of Civil Procedure.

       13.  The Clerk of the Court shall forward three
certified copies of this Order to Assistant United States
Attorney, Sharon Cohen Levin, Chief of Asset Forfeiture Unit, One
St. Andrew's Plaza, New York, New York 10007.

       14.  The signature pages of this Order may be executed
in one or more counterparts, each of which will be deemed an
original but all of which together will constitute one and the
same instrument.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____          4/26/12
    MICHAEL S. BOSWORTH               _____
    GLEN G. MCGORTY                   DATE
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, New York 10007
    (212) 637-1079/2505


CARL KRUGER
DEFENDANT

By: _____          APRIL 26, 2012
    CARL KRUGER                       _____
                                      DATE


[ADDITIONAL SIGNATURES ON FOLLOWING PAGE]

By: _____          4·26-12
     BENJAMIN BRAFMAN, ESQ.            ‾‾‾‾‾‾‾‾‾‾
     Attorney for the Defendant        DATE
     Brafman & Associates, P.C.
     767 Third Avenue, 26th Floor
     New York, New York 10017
     (212) 750-7800

SO ORDERED:


_____          4/26/12
HONORABLE JED S. RAKOFF            ‾‾‾‾‾‾‾‾‾‾
UNITED STATES DISTRICT JUDGE       DATE

10