*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 14, 2017

**BY ECF**

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States* v. *Carl Kruger*, 11 Cr. 300 (JSR)

Dear Judge Rakoff:

    The Government writes in response to defendant Carl Kruger's request that the Court issue a non-binding recommendation to the Bureau of Prisons ("BOP") regarding the length of Kruger's placement in a residential reentry center ("RRC"). The Government respectfully submits that the Court should decline to make a recommendation on this matter.

    Under 18 U.S.C. § 3624(c)(1), the BOP shall, "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." These conditions "*may* include" placement in a RRC. 18 U.S.C. § 3624(c)(1) (emphasis added); *see United States* v. *Laughlin*, 933 F.2d 786, 789 (9th Cir. 1991) ("Nothing in the language of section 3624(c) mandates that all prisoners pass through a community treatment center en route to free society."). In determining where an inmate serves his sentence, the BOP must consider "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate," but a statement by a sentencing court regarding placement in a RRC "shall have no binding effect" on the BOP's authority to make RRC placements. 18 U.S.C. § 3621(b); *see also* H. Rep. No. 110-140, 20, *reprinted in* 2008 U.S.C.C.A.N. 24, 38 (May 9, 2007).

    One of the main purposes of a RRC is to aid with the transition from incarceration into the community, because "[t]he level of structure and supervision assures accountability and program opportunities in employment counseling and placement, substance abuse, and daily life skills." *See* BOP Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure, § 1. The BOP considers a variety of factors in RRC placement, including escape history, previous failure in a community program, disability or medical conditions and ability to pay for medical care, sex offender history, detainers, participation in the Financial Responsibility Program, and a current offense or behavioral history that suggests a substantial or continuing threat to the community. *See id.* at §§ 9(a), 10.

In this case, the BOP has already made a considered judgment as to Kruger's placement in a RRC, and recommended a placement of greater than 270 days. Kruger has in fact received a RRC placement of 277 days. In making this judgment, the BOP considered, among other things, Kruger's need for RRC services, such as assistance with finding employment and housing; his need for community treatment services like drug and/or mental health programs; his sentence length; medical condition; institutional conduct; and available bed space. The BOP determined that Kruger has no obvious need for RRC services, such as help finding a job or housing, and that Kruger has less need for time in a RRC to adjust to life outside prison than many inmates who have served longer sentences. Thus, it may well have been reasonable for the BOP to determine that Kruger spend no time or a brief time in an RRC. Nevertheless, at least in part because of his medical condition, Kruger will be spending more than 75% of the maximum time permitted by law in a RRC.

Despite having received a substantially favorable RRC placement from the BOP, Kruger asks the Court to make a *post hoc* recommendation that he get even more time in a RRC. In Kruger's case, the BOP made a considered judgment regarding RRC placement, applying the same factors and considerations that it applies every day with respect to inmates nationwide. Kruger has not identified any particular flaw in the BOP's decision or decision-making process; he simply asks for leniency in light of Kruger's medical issues. The BOP is well aware of these issues, has been treating Kruger for these issues, and has considered them – among other things – when making its decision on RRC placement. The Government respectfully submits that there is no reason for the Court to second-guess that decision.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

by: _____
Thomas A. McKay
Assistant United States Attorney
(212) 637-2268

cc:   Joshua Kirshner (by ECF)